NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 8 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREW WINSTON ALLES;
BERNADETTE ALOMA ALLES,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    18-73315

Agency Nos. A075-635-301
                      A075-639-417

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2022[**]
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Andrew Winston and Bernadette Aloma Alles, natives and citizens of Sri
Lanka, petition for review of a Board of Immigration Appeals (BIA) decision
denying their untimely and numerically barred motion to reopen their immigration

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

proceedings. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We review the denial of a motion to reopen for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA did not abuse its discretion in denying Petitioners' third motion to reopen, in which they alleged changed country conditions in Sri Lanka. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). To be entitled to reopening on that basis, Petitioners needed to produce material evidence that country conditions have changed, demonstrate that the evidence was not available during the prior hearings, and show that the new evidence—together with the evidence presented at the original hearing—would establish prima facie eligibility for relief. *See Agonafer*, 859 F.3d at 1204.

The BIA adequately considered Petitioners' evidence and reasonably concluded it did not demonstrate materially changed conditions in Sri Lanka. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010) (concluding that the agency adequately considered evidence and "sufficiently announced its decision."). The BIA did not abuse its discretion in concluding that Petitioners had not satisfied the prerequisites to warrant reopening their immigration proceedings. Likewise, we find no legal or constitutional error in the BIA's determination not to reopen the

proceedings *sua sponte*. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

**PETITION FOR REVIEW DENIED.**